***E-FILED - 12/15/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN L. OWENS, | ) | No. C 08-4949 RMW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE; ORDER GRANTING MOTION FOR THIS COURT TO TAKE JURISDICTION |
| vs. | ) ) ) | |
| BEN CURRY, Warden, | ) ) | (Docket No. 2) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. Petitioner has paid the filing fee. The court orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

In 1988, an Alameda County Superior Court jury found petitioner guilty of kidnapping with the intent to commit robbery (Cal. Pen. Code § 209(b)). Petitioner was sentenced to life with the possibility of parole. At each parole suitability hearing, the Board found petitioner to be unsuitable for parole. Petitioner challenged this decision unsuccessfully in the state courts of California. Petitioner thereafter filed the instant petition.

*///*

*///*

Order to Show Cause; Order Granting Motion for the Court to Take Jurisdiction
P:\PRO-SE\SJ.Rmw\HC.08\Owens949oscparole.wpd      1

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, petitioner claims that: (1) he was denied his right to self-representation at his parole hearing; (2) his procedural and substantive due process rights were violated when the Board delayed his parole hearing for over four years; (3) the Board erred in determining that petitioner was incompetent to represent himself or needed psychiatric care; and (4) the Board failed to consider all the necessary factors to determine petitioner's suitability for release on parole. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.  Petitioner's "Motion for this Court to Take Jurisdiction of Petitioner's Appeal From Denials of State Court's of Habeas Corpus" is construed as a motion for this court to take jurisdiction of this present habeas petition. So construed, petitioner's motion (docket no. 2) is GRANTED.

2.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

1  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
2  underlying state criminal record that have been transcribed previously and that are relevant to a
3  determination of the issues presented by the petition.

4        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5  court and serving it on respondent within **thirty days** of the date the answer is filed.

6        4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
8  2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,
9  petitioner shall file with the court and serve on respondent an opposition or statement of non-
10 opposition within **thirty days** of the date the motion is filed, and respondent shall file with the
11 court and serve on petitioner a reply within **fifteen days** of the date the opposition is filed.

12       5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
13 all communications with the court must be served on respondent by mailing a true copy of the
14 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
15 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
16 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
17 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18       This order terminates docket no. 2.
19       IT IS SO ORDERED.
20 DATED:  12/12/08

                                                          RONALD M. WHYTE
                                                          United States District Judge