*E-FILED - 2/12/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. OWENS, | No. C 08-4949 RMW (PR) |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |
| _____/ | (Docket No. 6) |

Petitioner, a California state prisoner, filed a pro se petition for a writ of habeas corpus. On December 15, 2008, the court issued an order to show cause to respondent as to why the petition should not be granted. For the reasons set forth below, the court DENIES petitioner's motion for appointment of counsel (docket no. 6) without prejudice.

**DISCUSSION**

Petitioner requests appointment of counsel because he feels there are exceptional circumstances warranting the appointment of counsel. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U. S. C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than

the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondent has been ordered to produce the state record, which may include petitioner's state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel (docket no. 6) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: 2/10/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge