*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. OWENS, | No. C 08-4949 RMW (PR) |
| Petitioner, | ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS; FURTHER SCHEDULING |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | (Docket No. 14) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging decisions by the California Board of Parole Hearings ("Board"). The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss for failure to state a claim. Petitioner filed an opposition. Respondent filed a reply. For the reasons stated below, the court GRANTS in part and DENIES in part respondent's motion to dismiss and issues a further briefing schedule.

**BACKGROUND**

In 1988, an Alameda County Superior Court jury found petitioner guilty of kidnapping with the intent to commit robbery (Cal. Pen. Code § 209(b)). Petitioner was sentenced to life with the possibility of parole. Petitioner challenged several Board decisions unsuccessfully in the state courts of California. Thereafter, petitioner filed the instant petition.

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss; Further Scheduling
P:\PRO-SE\SJ.Rmw\HC.08\Owens949mtd.wpd

# DISCUSSION

A. <u>Standard of Review</u>

A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. <u>Parks School of Business, Inc., v. Symington</u>, 51 F.3d 1480, 1483 (9th Cir. 1995). Dismissal for failure to state a claim is a ruling on a question of law. <u>Id.</u> "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id</u>. at 1974. A <u>pro se</u> pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Review is limited to the contents of the complaint, <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. <u>Lee v. County of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. <u>Symington</u>, 51 F.3d at 1484. However, "[c]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

B. <u>Analysis</u>

In the court's order to show cause, the court found the following claims cognizable to warrant a response: (1) plaintiff was denied his right to self-representation at his parole hearing; (2) his procedural and substantive due process rights were violated when the Board delayed his

parole hearing for over four years; (3) the Board erred in determining that petitioner was incompetent to represent himself or needed psychiatric care; and (4) the Board failed to consider all the necessary factors to determine petitioner's suitability for release on parole.[1]

Respondent asserts that petitioner's claims do not allege a federal question. Specifically, respondent alleges that there is no federal right to self-representation at a parole consideration hearing nor a federal right prohibiting a parole hearing delay for four years. Respondent goes on to say that petitioner also does not challenge a decision denying him parole.

Regarding a federal right to self-representation at a parole eligibility hearing, the court agrees with respondent that there is no "clearly established" right. A criminal defendant has a Sixth Amendment right to self-representation. Faretta v. California, 422 U.S. 806, 832 (1975). Such constitutional right to self-representation recognized in Faretta is "confined to the right to defend oneself at trial." Martinez v. Court of Appeal of California, 528 U.S. 152, 154 (2000). This court is unaware of any federal law or constitutional right to self-representation at a parole eligibility hearing.[2] Cf. id. at 163 (recognizing that the constitutional right to self-representation does not extend beyond the confines of a criminal trial to direct appeal). Thus, the court will dismiss this allegation for failure to state a claim.

Regarding petitioner's claim that the Board violated a federal right by delaying his parole eligibility hearing over several years, the court disagrees with respondent that this does not state a federal claim. While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or

---

[1] Respondent argues that claims 1 and 3 are intertwined and thus can be subsumed into one. The court agrees.

[2] Petitioner's reliance on Gagnon v. Scarpelli, 411 U.S. 778 (1973) is unpersuasive. In Gagnon, the Supreme Court discussed a prisoner's *right to counsel* in a parole *revocation* hearing and determined that rather than establishing a per se rule mandating appointment of counsel in order to comport with due process, the need for counsel should be decided on a case-by case-basis. In contrast, here, petitioner is alleging that he has a federal *right to self-representation* in the context of a parole *eligibility* hearing.

1  unless certain designated findings are made, and thereby give rise to a constitutionally protected
2  liberty interest. See Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987). "However, due
3  process 'does not include receiving a parole hearing in exact accordance with the specific time
4  period required by [state regulations.]'" Johnson v. Paparozzi, 219 F. Supp. 2d 635, 652 (D.N.J.
5  2002). The denial of a timely parole proceeding is not a per se violation of due process.
6  Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir. 1996). Rather, to show a due process
7  violation from a delayed hearing, a prisoner must show prejudice from the delay. Cf. Camacho
8  v. White, 918 F.2d 74, 78-80 (9th Cir. 1990).

Respondent may ultimately prove that petitioner cannot demonstrate prejudice from this allegation of a due process violation. However, drawing all inferences from petitioner's allegations in his favor, as the court must do at this stage, a liberal reading of the petition demonstrates that petitioner states a cognizable claim of a due process violation from repeated delays in conducting his parole eligibility hearings, as found in the court's initial order to show cause. Accordingly, the court concludes that petitioner's claim regarding parole hearing delays states a cognizable claim for relief.

Regarding petitioner's claim that the Board failed to consider all relevant factors to determine petitioner's suitability for parole, the court is persuaded by respondent's argument. Petitioner does not challenge a final decision denying his suitability for parole. Even liberally construed, petitioner's claim appears to allege only that the delays in holding a parole eligibility hearing, combined with the failure to transcribe his May 7, 2007 parole eligibility hearing violated his right to due process.[3] While state statutory requirements provide that petitioner is entitled to a written transcript of his hearing, see Cal. Penal Code § 3041.5, the court is unaware of any federal law that is implicated from an inadvertent recording malfunction. Cf. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, the court concludes that petitioner's last claim fails to state a cognizable claim for relief.

---

[3] The court notes that the failure to transcribe the May 7, 2007 hearing was due to a faulty recording. Recognizing that it was required to provide a written transcript of such hearings, the Board vacated the May 7, 2007 decision and rescheduled the hearing. (Complaint, Ex. 6.)

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss; Further Scheduling
P:\PRO-SE\SJ.Rmw\HC.08\Owens949mtd.wpd    4

In summary, the court will grant respondent's motion to dismiss claims 1, 3, and 4 for failure to state a cognizable claim, but deny respondent's motion to dismiss claim 2.

**CONCLUSION**

Respondent's motion to dismiss the petition is GRANTED in part and DENIED in part. Claims 1, 3, and 4 are DISMISSED.

Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

Alternatively, respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket no. 14.

///

///

1     IT IS SO ORDERED.

2 DATED: 2/8/10



RONALD M. WHYTE
United States District Judge

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss; Further Scheduling
P:\PRO-SE\SJ.Rmw\HC.08\Owens949mtd.wpd     6