***E-FILED - 1/3/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. OWENS,  )<br>  )<br>    Petitioner,  )<br>  )<br>  vs.  )<br>  )<br>BEN CURRY, Warden,  )<br>  )<br>    Respondent.  )<br>_____) | No. C 08-4949 RMW (PR)<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION TO<br>DISMISS; DENYING<br>CERTIFICATE OF<br>APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising claims concerning the Board of Parole Hearings' ("Board") decisions regarding his parole suitability. Respondent filed a motion to dismiss the petition as moot.[1] Petitioner filed an opposition and a letter supporting his opposition. Respondent filed a reply. Based on the papers submitted, the court will GRANT respondent's motion to dismiss.

---

[1] Petitioner filed three motions for an entry of default against the respondent. Petitioner asserts that respondent has failed to answer the court's orders to show cause within the 90-day deadlines. However, each order to show cause directed the respondent to file an answer or, alternatively, to file a motion to dismiss. Here, the docket shows that respondent filed a timely motion for extension of time to file a motion to dismiss within 90 days of the first order to show cause, and then a timely motion to dismiss. (Docket nos. 8, 14.) Thereafter, respondent filed a timely motion to dismiss after the second order to show cause. (Docket no. 18.) Accordingly, petitioner's motions for an entry of default are DENIED.

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Owens949mtdmoot.wpd

**BACKGROUND**

In 1988, an Alameda County Superior Court jury found petitioner guilty of kidnapping with the intent to commit robbery. Petitioner was sentenced to life with the possibility of parole. At the time petitioner filed the underlying federal petition, he alleged that he participated in six parole suitability hearings, the last of which occurred on November 4, 2003. (Petition at 3.) Petitioner alleged that the Board informed him he would be scheduled for a subsequent hearing on November 4, 2005. (Id.) However, that hearing was postponed to June 16, 2006. On that day, the Board again postponed the hearing because the prison file was incomplete. (Id.) On August 15, 2006, petitioner again appeared before the Board, but was told that one of the commissioners wanted petitioner to be represented by a lawyer before proceeding with the hearing. (Id.) On January 3, 2007, petitioner appeared before the Board with an attorney, however, because the attorney was unprepared to represent petitioner, the hearing again was postponed. (Id.) On May 7, 2007, petitioner appeared at another parole hearing; however, because of a recorder malfunction, no transcript was available, and the Board vacated its decision and re-scheduled petitioner for yet another hearing. (Id.)

On October 29, 2008, petitioner filed the underlying federal habeas petition. On December 15, 2008, the court issued an order to show cause, finding that, liberally construed, the following claims were cognizable: (1) petitioner was denied his right to self-representation at this parole hearing; (2) petitioner's due process rights were violated when the Board delayed his parole hearing for over four years; (3) the Board erred in determining that petitioner was incompetent to represent himself or needed psychiatric care; and (4) the Board failed to consider all the necessary factors to determine petitioner's suitability for parole. (Doc. No. 5.)

On April 30, 2009, respondent filed a motion to dismiss the petition for failing to state a claim. (Doc. No. 14.) The court granted the motion as to Claims 1, 3, and 4 but denied it as to Claim 2. (Doc. No. 17.) The court agreed with respondent that petitioner did not raise a due process claim that there was insufficient evidence to support the denial of parole at any of his prior hearings. (Id.)

On May 10, 2010, respondent filed the underlying motion to dismiss.

# DISCUSSION

Petitioner claims that the Board violated his right to due process by failing to hold a subsequent parole hearing after the two-year denial elapsed on November 4, 2005. Respondent argues that the petition is moot because petitioner has received the only redress he could receive, namely, a subsequent parole suitability hearing, which was held on July 21, 2008.

The "case or controversy" provision in Article III, Section 2 of the United States Constitution requires that throughout the litigation, the complainant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The redress petitioner seeks in the petition is outright release from custody. However, the only relief available to petitioner on his claim that the delay in his parole suitability hearing violates due process is a further hearing, not release from custody. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). If a prisoner succeeds on his claim that his right to due process was violated by being deprived a parole suitability hearing, the only benefit that he is entitled to is a hearing, which does not guarantee parole or a shortened sentence. See Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); accord Anyanwutaku v. Moore, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998). To the extent petitioner had a cognizable injury from the delay in his parole suitability hearing, this injury is no longer redressable because petitioner has already received a further hearing on July 21, 2008. (MTD, Ex. 1.) A new hearing is the only redress for which petitioner is eligible in this matter. The exception to mootness for matters that are capable of repetition, yet evading review, does not apply in these circumstances. Petitioner's detention while awaiting a parole hearing is not "by nature temporary and [unlikely] to persist long enough for the completion of appellate review." Sherman v. United States Parole Comm'n, 502 F.3d 869, 872 (9th Cir. 2007) (quotation omitted).

Even assuming that petitioner's claim is not moot, to demonstrate that the delay in his parole hearing violated due process, petitioner must demonstrate that the delay was unreasonable

1 and prejudicial. Hopper v. United States Parole Comm'n., 702 F.2d 842, 847 (9th Cir. 1983); cf.
2 Camacho v. White, 918 F.2d 74, 78-80 (9th Cir. 1990). Here, petitioner has failed to
3 demonstrate that the two year six month delay from his parole suitability hearing, initially
4 scheduled on November 4, 2005, to his actual hearing in July 21, 2008, was prejudicial.

5       To the extent petitioner claims in his opposition that, at an unspecified parole hearing, the
6 Board denied parole without "some evidence," that claim is not properly before this court as he
7 did not raise it in his petition. Moreover, even assuming that he did raise it in the petition, in
8 light of his subsequent 2008 hearing, it is also moot. See Haggard v. Curry, No. 10-16819, 2010
9 WL 4015006 (9th Cir. Oct. 12, 2010) (per curiam) (order). In Haggard, the Ninth Circuit
10 concluded that "where the Board's parole denial decision is not based on "some evidence" of
11 current dangerousness, the California-created, but federally enforceable, liberty interest in parole
12 gives the prisoner only the right to a redetermination by the Board consistent with the state's
13 "some evidence" requirement, not the right to release on parole." Id. at *5 (relying on In re
14 Prather, 50 Cal. 4th 238 (2010), which refined the scope of California prisoners' liberty interest
15 in parole). Thus, considering the Ninth Circuit's analysis in Haggard, any claim petitioner may
16 have raised regarding insufficient evidence to support a denial of parole is moot.

## CONCLUSION

18       For the reasons set forth above, respondent's motion to dismiss is GRANTED. The clerk
19 shall terminate any pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

21       The federal rules governing habeas cases brought by state prisoners have been amended
22 to require a district court that denies a habeas petition to grant or deny a certificate of
23 appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.
24 foll. § 2254. For the reasons set out in the discussion above, petitioner has not shown "that
25 jurists of reason would find it debatable whether the petition states a valid claim of the denial of
26 a constitutional right [or] that jurists of reason would find it debatable whether the district court
27 was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).
28 Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: 11/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Owens949mtdmoot.wpd    5